UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSE ANDRADE, as Personal
Representative of the Estate of
Nicholas Morales, deceased and on
behalf Nicolas Morales' minor son
N.M.Jr.,

     Plaintiff,

v.                                                   Case No.:  2:22-cv-482-JLB-KCD

KEVIN RAMBOSK, PIERRE
JEAN, NATHAN KIRK, BRIAN
TARAZONA, and COLLIER
COUNTY, FLORIDA,

     Defendants.

_____/

## ORDER

Before the Court is Defendants' Motion for Bifurcation of Trial and Motion for Stay of Discovery as to Official Capacity Claims. (Doc. 56).[1] Plaintiff responded (Doc. 60), making this matter ripe. For the reasons below, Defendants' motion is denied.

### I. Background

This is a civil rights case stemming from the death of Nicholas Morales. Morales was shot during an altercation with several Collier County Sheriff's

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Deputies. (Doc. 51 ¶¶ 24, 25, 54, 55.) Plaintiff sues the deputies, Collier County, and the Collier County Sheriff on behalf of Morales's minor son. (Doc. 42 at 1.) Defendants now seek to bifurcate the case and stay discovery, hoping to deal with Plaintiff's claims against the deputies before moving on to the claims against the County and Sheriff in his official capacity.[2] (Doc. 56 at 1-2.)

## II. Legal Standard

The court may bifurcate litigation for several reasons including to convenience the parties, avoid prejudice, or expedite and economize the litigation. Fed. R. Civ. P. 45(b). Similarly, Rule 26(d) permits the court to delay discovery for convenience and the interests of justice. The moving party bears the burden of proof, and the court's decision is discretionary. *Foltz v. City of Largo*, No. 8:10-CV-759-T-24-EAJ, 2011 WL 1690010, at *2 (M.D. Fla. May 3, 2011).

## III. Discussion

Plaintiff sues the County and Sheriff under 42 U.S.C. § 1983. But government bodies cannot be held liable under this statute just because their agent caused a constitutional tort. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, the plaintiff must show he suffered a

---

[2] A suit against a county sheriff in Florida is effectively an action against the governmental entity he represents. *Hutton v. Strickland*, 919 F.2d 1531,1542 (11th Cir. 1990); *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997).

constitutional injury *and* that it derived from the municipal government's policy, custom, or practice. *Id.* at 694; *Barnett v. MacArthur*, 956 F.3d 1291, 1301 (11th Cir. 2020).

Defendants argue that *Monell*'s dual requirement calls for bifurcation. They propose to litigate the case against the individual deputies first. If it is determined there was a constitutional violation, the case would then proceed against the municipal defendants to determine if the injury stemmed from a policy, custom, or practice. They claim this approach is efficient because if Plaintiff is unsuccessful against the deputies—meaning there was no constitutional violation—the municipal claims become moot. (Doc. 56 at 4, 15-16.) According to Defendants, this approach will also provide for convenience because collecting evidence to support the *Monell* claims "would be extremely time-consuming and expensive." (*Id.* at 14.) And "[b]ifurcation would, in fact, potentially eliminate the necessity for [this proof] altogether, and save the parties and Court an incredible amount of time, energy, and resources." (*Id.* at 15.)

Defendants also note that Plaintiff must conduct "mini trials" to prove the municipalities' past practice under *Monell*, which will require many witnesses and substantial evidence. (*Id.* at 14-15.) But again, bifurcation could render that evidence unnecessary. And as for jurors, bifurcation would

alleviate concerns of bias from unrelated testimony and relieve them of complicated instructions and verdict forms. (*Id.* at 16.)

Defendants are right that some courts have found *Monell* claims to be "particularly good candidate[s] for bifurcation." *McQueen v. Morgan*, No. 3:10CV85/MCR/MD, 2010 WL 4595718, at *3 (N.D. Fla. Nov. 4, 2010); *see also Foltz*, 2011 WL 1690010, at *2 (finding "courts have noted that severance of the *Monell* claim eliminates the potential unfair prejudice to an officer" and "severing the *Monell* claim could save judicial resources, as a trial on the *Monell* claim may prove to be unnecessary"). But that isn't the whole story. There are valid reasons bifurcation may not be the cure-all Defendants claim it is.

For example, bifurcating discovery or trial is not the more efficient route when there is substantial overlap in the evidence to prove the individual and municipal claims. *See Johnson v. Baltimore Police Dep't*, 500 F. Supp. 3d 454, 461-62 (D. Md. 2020) ("Whether bifurcation would serve judicial economy depends in part on the extent to which the claims against the Officers and the *Monell* claim will involve intertwined evidence."). At the discovery stage, bifurcating intertwined issues can lead to confusion and more judicial intervention to resolve disputes. (Doc. 60 at 8-9.) And at trial, it is not efficient or cost-effective to present the same "facts, evidence, and witnesses" more than once. (Doc. 60 at 9.) *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th

Cir. 2001) (affirming district court's refusal to bifurcate when there is "clearly substantial overlap in the issues"). As Plaintiff points out, there is an overlap of evidence here. (Doc. 60 at 6.)

More problematic though is that Plaintiff's individual claims may not be "determinative" of the *Monell* claims, as Defendants state. (Doc. 56 at 4.) On its face, "*Monell* . . . and its progeny do not require that a jury must first find an individual defendant liable before imposing liability on local government." *Barnett v. MacArthur*, 956 F.3d 1291, 1301 (11th Cir. 2020). Conceivably, a ruling in the deputies' favor might not moot the *Monell* claims at all. *Id.* And without this logical lynchpin, Defendants' efficiency and economy arguments dissolve.

As for prejudice, Plaintiff paints Defendants' concerns as "purely hypothetical." (Doc. 60 at 16.) Regardless of its likelihood, prejudicial evidence is often "addressed through *in limine* proceedings and cautionary jury instructions designed to mitigate any prejudicial spillover of claims." *Palma v. Montgomery Cnty., Maryland*, 598 F. Supp. 3d 288, 300 (D. Md. 2022); *Cunningham v. Cobb Cnty., Georgia*, No. 1:22-CV-1349-MLB, 2023 WL 356133, at *2 (N.D. Ga. Jan. 23, 2023). The legal system successfully relies on these methods to quell prejudice all the time. And at this early stage, there's no reason to believe they can't in this case too. *Est. of McIntosh v. City of Chicago*, No. 15 C 1920, 2015 WL 5164080, at *9 (N.D. Ill. Sept. 2, 2015)

("Without knowing what the evidence is and the actual prejudice being faced, the Court cannot properly assess the potential for any undue prejudice against the individual officers in having to present their case with [the municipal defendants]."). Thus, as the case currently stands, the Court is not convinced that bifurcation would be more efficient, economical, or necessary to avoid prejudice.

Defendants' request to stay discovery is similarly unpersuasive. The parties disagree as to just how burdensome discovery surrounding the *Monell* claims will be. (*See* Doc. 56 at 18; Doc. 60 at 18-19.) But the truth is, time is not on their side. When, as here, the *Monell* issues are many years old, staying discovery can prejudice *both* sides of a controversy. "The longer that discovery of the *Monell* claim is delayed, the risk grows that memories will fade and evidence may become stale." *Johnson*, 500 F. Supp. 3d at 463. Moreover, with bifurcation denied, the question of whether to stay discovery is moot. *See, e.g.*, *Cunningham*, 2023 WL 356133, at *2.

Perhaps Rule 45(b)'s considerations will weigh more clearly for bifurcation as discovery progresses. But right now, the Court cannot say they do. *Johnson*, 500 F. Supp. 3d at 463 ("Discovery on the *Monell* claim is arguably necessary to establish the claims against the Officers. And, armed with a fuller understanding of the facts, based on discovery, the defendants will be able to revisit the issue of bifurcation of trial, if they wish to do so."). Thus, Defendants'

Motion for Bifurcation of Trial and Motion for Stay of Discovery as to Official Capacity Claims is **DENIED WITHOUT PREJUDICE**.

**ENTERED** in Fort Myers, Florida on February 17, 2023.


Kyle C. Dudek
United States Magistrate Judge


Copies:  All Parties of Record